Gregory M. Messer
Law Offices of Gregory Messer, PLLC
26 Court Street, Suite 2400
Brooklyn, NY 11242
Tel:    (718) 858-1474
Fax:    (718) 797-5360
gremesser@aol.com
*Attorney for Defendant*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                  Chapter:      7
                                                        Case No:      11-46867-cec

MAN KIT NG,

                Debtor.
------------------------------------------------------------X
ROBERT L. GELTZER, as Trustee of the
Estate of MAN KIT NG,
                                Plaintiff,

        -against-                                       Adv. Pro. No.  13-01385-cec

MEE WOON HUI,

                                Defendant.
------------------------------------------------------------X

## ANSWER

     Defendant Mee Woon Hui (the "Defendant"), by her counsel, Law Offices of Gregory

Messer PLLC, as and for her Answer to the Complaint entered against her by Plaintiff Robert L.

Geltzer (the "Plaintiff"), as Trustee of the Estate of Man Kit Ng (the "Debtor"), hereby states as

follows:

## Jurisdiction and Venue

     1.     The Defendant admits the allegations of Paragraph 1 of the Complaint.

     2.     The Defendant admits that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(H).  In the event that it is determined that this court lacks the authority pursuant to

Article III of the Constitution to issue final orders in this case without the consent of the parties, the Defendant consents to the issuance of such orders.

3.      The allegations of Paragraph 3 of the Complaint contain legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

## Parties

4.      The Defendant admits the allegations of Paragraph 4 of the Complaint.

5.      The Defendant admits the allegations of Paragraph 5 of the Complaint.

6.      The Defendant admits the allegations of Paragraph 6 of the Complaint.

## Introductory Statement and Background

7.      The Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies them to the extent they are relevant to this action.

8.      The Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies them to the extent they are relevant to this action.

9.      The Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies them to the extent they are relevant to this action.

10.      The Defendant admits that the Discharge Proceeding was brought on December 21, 2012, but cannot speculate as to the Plaintiff's motivation for doing so.

11.      The Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies them to the extent they are relevant to this action.

12.     The Defendant admits that the Debtor made all mortgage payments on the note secured by a mortgage on his primary residence, but denies that any of that amount is due from the Defendant to the Debtor or his estate.

13.     The Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Paragraph 14 contains legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

15.     The Defendant lacks sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint, and therefore denies them.

### First Claim for Relief

### AVOIDANCE OF THE TRANSFER AS A FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 548, 550 AND 551

16.     The Defendant repeats and realleges each of the prior admissions and denials in Paragraphs "1" through "15" of this Answer as though fully set forth herein.

17.     The Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     The Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     The Defendant denies the allegations of Paragraph 19 of the Complaint.

20.     The Defendant denies the allegations of Paragraph 20 of the Complaint.

21.     The Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     The Defendant denies the allegations of Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

24.     Paragraph 24 of the Complaint contains legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

### Second Claim for Relief

### AVOIDANCE OF THE TRANSFERS AS
### FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §§544(b), 550 AND 551
### AND §§ 273, 274, 275 AND 278 OF NEW YORK DEBTOR AND CREDITOR LAW

25.     The Defendant repeats and realleges each of the prior admissions and denials in Paragraphs "1" through "24" of this Answer as though fully set forth herein.

26.     The Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     The Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

29.     Paragraph 29 of the Complaint contains legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

### Third Claim for Relief

### UNJUST ENRICHMENT FROM THE TRANSFERS

30.     The Defendant repeats and realleges each of the prior admissions and denials in Paragraphs "1" through "29" of this Answer as though fully set forth herein.

31.     The Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     The Defendant denies the allegations of Paragraph 32 of the Complaint.

33.     The Defendant denies the allegations of Paragraph 33 of the Complaint.

34.     The Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     The allegations of Paragraph 35 of the Complaint are legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

36.     The allegations of Paragraph 36 of the Complaint are legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

37.     The allegations of Paragraph 37 of the Complaint are legal conclusions that do not require a response.  To the extent that they require a response, the Defendant denies them.

**FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM**

38.     The Plaintiff has not alleged and could not prove any "transfer" to the Defendant, as that term is defined in 11 U.S.C. § 101(54).

39.     The Plaintiff has not alleged and could not prove and "conveyance" to the Defendant, as that term is defined in NY Debtor & Creditor Law § 270.

40.     Without a "transfer" or a "conveyance" to the Defendant, there is nothing for the Plaintiff to avoid pursuant to 11 U.S.C. § 548.  Without an avoided transfer, the Plaintiff has no right to recover anything pursuant to 11 U.S.C. §§ 550 and 551.

41.     Therefore, the Plaintiff has failed to state a claim upon which relief may be granted, and this action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

**SECOND AFFIRMATIVE DEFENSE: FAIR VALUE**

42.     The Defendant is the mother of the Debtor's child.

43.     The Defendant was solely responsible for the caretaking of that child.

44.     The Defendant provided other services necessary for the maintenance of the household.

45.     Therefore, even if the Plaintiff has alleged a "transfer" or a "conveyance" to the Defendant, which the Defendant expressly denies, any "transfer" or "conveyance" was received by the Defendant in good faith and for fair value.

46.     In addition, the recipient of each of the Transfers was HSBC, a bank to whom the Debtor owed a substantial debt secured by a mortgage interest in his homestead.

47.    In exchange for each and every individual payment that cumulatively make up the Transfers, as defined in the Complaint, the Debtor received a corresponding reduction in the amount due on the note, equal to the value of each payment.

48.    Therefore, even if the Plaintiff were able to show that the Defendant is an immediate or mediate transferee of the "transfers" or "conveyances" to HSBC, which the Defendant expressly denies, any such "transfer" or "conveyance" was made by the Debtor in exchange for fair value received.

## THIRD AFFIRMATIVE DEFENSE: SET-OFF

49.    The Defendant remains obligated to HSBC under the note, despite the creation of the Debtor's estate by his voluntary petition.

50.    To the extent that there are any "transfers" or "conveyances" to the Defendant that are avoidable, those transfers are subject to a set-off in an amount equal to the Defendant's remaining obligation on the note, which amount, on information and belief, substantially outweighs the amount the Plaintiff claims is owed.

51.    Therefore, even if the Plaintiff has alleged a "transfer" or "conveyance" to the Defendant, which the Defendant expressly denies, any "transfer" or "conveyance" is subject to set-off greater than the amount of such "transfer" or "conveyance," rendering the Defendant's obligation to the Plaintiff zero.

## RESERVATION OF RIGHTS

52.    Defendant reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, the Defendant respectfully demands that the Complaint be dismissed in its

entirety, a judgment be entered in favor of the Defendant, and that the Court grant such other and

further relief as it deems appropriate under the circumstances.

Dated:         September 6, 2013
               Brooklyn, New York          The Law Office of Gregory Messer
                                           *Attorneys for the Defendant*

                                           By:   ___*/s/ Gregory Messer*_____
                                                    Gregory Messer, Esq.
                                           26 Court Street, Suite 2400
                                           Brooklyn, New York 11242
                                           (718) 858-1474